OONA, R.–S.–, a minor, by KATE S.,
her guardian, Kate S. and Ken
R., Plaintiffs–Appellees,

v.

Patricia McCAFFREY; Gerald Hill;
Ronald Lundy, Defendants–
Appellants.

No. 95–16046.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 1996.

Decided Aug. 13, 1997.

As Amended Aug. 25, 1997.

Michael D. Senneff, Senneff, Kelly, Kimelman & Beach, Santa Rosa, CA, for defendants-appellants.

Desiree O. Cox, McCann & LoDolce, Santa Rosa, CA, for plaintiffs-appellees.

Scott N. Kivel, Boonville, CA, and Robert J. Henry, Santa Rosa, CA, for amicus curiae Redwood Empire Schools.

Before: WOOD, Jr.,* SCHROEDER, and HALL, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an interlocutory appeal testing the district court's denial of qualified immunity to school district officials in a 42 U.S.C. § 1983 action. The suit was filed by a female student claiming school officials were responsible for permitting sexual harassment by a student teacher and by boys in her

---

* The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

class. We must decide whether the district court correctly determined that the duty imposed on school officials by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (as amended), to prevent sexual harassment of students was clearly established when the harassment in this case allegedly occurred during the 1992–93 school year. *See Oona R.–S.– v. Santa Rosa City Schools,* 890 F.Supp. 1452, 1472–73 (N.D.Cal. 1995).

The plaintiff-appellee, Oona R.–S.–, was in the sixth grade at J.C. Fremont Elementary School in the Santa Rosa School District in California in 1992–93. She filed this action in February of 1994 against the school district, as well as individual school officials, including her teacher, Patricia McCaffrey; the school principal, Gerald Hill; and the Director of Elementary Education, Ronald Lundy. The individual officials are the appellants here.

The complaint alleged facts that the district court determined were sufficient to make out a claim of intentional discrimination on the basis of gender on the part of the principal, teacher, and director. The complaint contained allegations of failure to prevent sexual harassment from two different sources. The first was the failure to take steps to prevent inappropriate conduct by a student teacher. The second was the failure to take steps to prevent male students in the class from harassing the females, and thereby creating a hostile environment for Oona and her female classmates. The nature of the allegations are described fully in the district court opinion, *see* 890 F.Supp. at 1456–57, and we merely sketch them here.

The student teacher, Ibach, allegedly fondled, straddled and otherwise inappropriately touched Oona and other students during October of 1992. He also allegedly called Oona "Oona Noodles." The complaint alleged that some of this inappropriate conduct actually took place in the presence of the teacher and principal, and that Oona's parents had demanded on October 16 that the principal remove Ibach from the classroom, which he refused to do. The complaint further alleged that upon noticing that Ibach was still on the school grounds on October 29, the parents confronted director Lundy, three days later. At that time, Lundy alleges, he told them that Ibach had been removed, and that his continued presence on October 29 had been unauthorized. However, beyond that, Lundy was uncooperative in dealing with the concerns of Oona's parents.

The harassment by male students allegedly occurred throughout the fall and winter of the school year. Boys allegedly referred to girls' body parts as "melons" and "beavers," called the girls slang terms for whores, and persisted in other types of offensive behavior. According to one particularly disturbing allegation, a boy struck Oona in the face and told her to "Get used to it." After the parents complained to Lundy and Hill, teacher McCaffrey allegedly retaliated against Oona by lowering her grade; when Oona's mother filed a tort claim against the district, the teacher allegedly retaliated further by, inter alia, withholding awards Oona had won. Oona's parents removed her from the school at the end of the school year and began home schooling.

The school district did not dispute that the complaint stated a claim against the district for violation of Title IX. The individual defendants moved to dismiss the claims brought against them under § 1983, and the district court denied the motions of these appellees. *Oona,* 890 F.Supp. at 1473. This appeal followed.

In ruling on the motions to dismiss, the district court decided a number of issues. The only one before us in this appeal, however, is whether it correctly determined that the individual appellees were not entitled to immunity, because in 1992–93 reasonable school officials would have known that the conduct alleged by plaintiff would violate plaintiff's federal rights. *Oona,* 890 F.Supp. at 1472.

■ Our decision in *Doe v. Petaluma Sch. Dist.,* 54 F.3d 1447 (9th Cir.1995), controls the scope of our jurisdiction. In *Petaluma,* we considered a § 1983 sexual harassment case that was in the same procedural posture as this one. A school counselor appealed from an order denying him qualified immunity on the ground that his alleged conduct in failing to take steps to stop sexual harassment violated clearly established rights under Title IX. In addition to seeking review of that determination, the counselor in *Peta-*

*luma* asked us to consider further whether he, as an individual, could be sued under § 1983 for violations of Title IX, or whether a suit against the school district itself was the exclusive remedy available for such violations. We expressly declined to consider the latter question in *Petaluma*, holding that our review was limited to considering whether the law allegedly violated, i.e. Title IX's protection against hostile environment sexual harassment in schools receiving federal aid, was clearly established at the time of the conduct in question. We said that in reviewing a denial of qualified immunity, this court has jurisdiction " 'only to decide if defendant's conduct violated ... clearly established [law.]" ' *Petaluma*, 54 F.3d at 1449 (quoting *Pelletier v. Federal Home Loan Bank*, 968 F.2d 865, 871 (9th Cir.1992), quoting *Todd v. United States*, 849 F.2d 365, 368 (9th Cir.1988)). We accordingly conclude that our review in this case is limited to the issue of whether the federal rights here asserted were clearly established in the 1992–93 school year, which is a question of law to be reviewed de novo. *See Petaluma*, 54 F.3d at 1449, *see also Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985) (denial of qualified immunity is an appealable decision to the extent that it turns on an issue of law). It is to that issue that we now turn.

### Equal Protection Rights

■ The Equal Protection Clause creates the right to be free from any purposeful sex discrimination by state actors. This court has rejected a defendant's claim of qualified immunity in a § 1983 claim claiming sex discrimination as a violation of the Equal Protection Clause. *Lindsey v. Shalmy*, 29 F.3d 1382 (9th Cir.1994). The discriminatory conduct at issue in *Lindsey* took place in 1988, and the court concluded that "[w]ell prior to 1988 the protection afforded under the Equal Protection Clause was held to proscribe any purposeful discrimination by state actors, be it in the workplace *or elsewhere*, directed at an individual solely because of the individual's membership in a protected class." *Id.* at 1386 (citing *Washington v. Davis*, 426 U.S. 229, 239, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976)).

Thus, the right to be free from intentional gender discrimination by a state actor was clearly established as early as 1988. Here, Oona alleges that defendants intentionally discriminated against Oona because of her gender in the school year of 1992–93. Defendants are not entitled to immunity from Oona's Equal Protection claim.

### Title IX Rights

■ The pertinent provision of Title IX provides that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance....

20 U.S.C. § 1681(a).

In *Petaluma* we considered a claim that a school counselor had violated Title IX in failing to take steps to stop peer sexual harassment of a student in 1990. The majority held that as of 1990 there was no clearly established law imposing a duty under Title IX for responsible school officials to act to stop sexual harassment of students by others.

We recognized in *Petaluma* that an employer's duty under Title VII to prevent such harassment in the workplace was clear. *Petaluma*, 54 F.3d at 1451 (citing *Bator v. Hawaii*, 39 F.3d 1021, 1027–29 (9th Cir. 1994)). The *Petaluma* majority, however, distinguished Title VII from Title IX, not because the substantive reach of the two statutes necessarily differed, but because courts had, as of 1990, not yet treated them as analogous for purposes of sexual harassment claims. *Id.* at 1452.

The Supreme Court made such an analogy in 1992, however, when it likened the duties of a school district to prevent sexual harassment under Title IX, to the Title VII duties of an employer. In *Franklin v. Gwinnett County Pub. Schs.*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), the Court said:

> Unquestionably, Title IX placed on the Gwinnett County Public Schools the duty not to discriminate on the basis of sex, and "when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminate[s]' on the

basis of sex." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64, 106 S.Ct. 2399, 2403, 91 L.Ed.2d 49 (1986). We believe the same rule should apply when a teacher sexually harasses and abuses a student. *Franklin*, 503 U.S. at 76, 112 S.Ct. at 1038.

*Meritor* is, of course, the lead Supreme Court case recognizing that an employer may be liable for sexual harassment that creates a hostile work environment. By citing it with approval in the Title IX context, to define the critical concept of discrimination on the basis of sex, the Supreme Court in *Franklin* was analogizing the duties of school officials to prevent sexual harassment under Title IX, to those of employers under Title VII. The Supreme Court recognized harassment by a supervisor as actionable in 1985, in *Meritor*, and this court expressly recognized a claim for peer harassment in the workplace, in 1991. *Ellison v. Brady*, 924 F.2d 872 (9th Cir.1991).

In *Petaluma*, when we held that the school officials' duties were not clearly established in 1990, we noted the Supreme Court's 1992 *Franklin* decision and recognized that the result might well be different in a claim of immunity for conduct that occurred after *Franklin* was decided. Because *Franklin* was decided in February, 1992, and the conduct here complained of began in October of 1992, this is such a case. The holding adumbrated by the majority in *Franklin* is required today.

The Eighth Circuit in *Kinman v. Omaha Pub. Sch. Dist.*, 94 F.3d 463, 469 (8th Cir. 1996), though not dealing with immunity, appears to agree: *Kinman* considered the school's duties to prevent harassment under Title IX to be the same as that of an employer's under Title VII. After noting that same-sex harassment was actionable under Title VII, the Eighth Circuit said "[w]e see no reason to apply a different standard under Title IX." *Kinman*, 94 F.3d at 468.

The Sixth Circuit has adopted this approach as well, citing *Franklin* and noting that other circuits use "Title VII standards to resolve sexual harassment claims under Title IX." *Doe v. Claiborne County*, 103 F.3d 495, 514 (6th Cir.1996) (citations omitted). The *Claiborne* court held that "a 'hostile environment' sexual harassment claim is cognizable under Title IX," and that Title VII principles guide resolution of such a claim. *Id.* at 515.

We are aware that the law may be less clear in other circuits. The Eleventh Circuit in *Davis v. Monroe County Bd. of Educ.*, 74 F.3d 1186 (11th Cir.1996) (rehearing en banc granted; opinion vacated by 91 F.3d 1418 (1996)), held that similar allegations, that the school board knowingly permitted another student's sexual harassment to create a hostile environment, stated a violation of Title IX duties. The Fifth Circuit, on the other hand, has held that Title IX does not impose liability on a school district for peer hostile environment sexual harassment, absent allegations that the school district itself discriminated based on sex, e.g., by correcting only harassment of boys and not of girls. *See Rowinsky v. Bryan Independent School District*, 80 F.3d 1006, 1016 (5th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 165, 136 L.Ed.2d 108 (1996). We have difficulty squaring *Rowinsky*'s reasoning with the Supreme Court's in *Franklin* and our own in *Petaluma*. They provide no basis for interpreting discrimination under Title IX so restrictively.

 Defendants' conduct also violated Oona's clearly established rights under Title IX by failing to supervise Ibach. A supervisor may be found liable under § 1983 if the supervisor is "aware of a specific risk of harm to the plaintiff." *Ketchum v. Alameda County*, 811 F.2d 1243, 1247 (9th Cir.1987). This court has also held that, as early as 1988, "complete inaction in the face of claimed harassment cannot be objectively reasonable conduct entitling a supervisor to qualified immunity." *Bator*, 39 F.3d at 1029 (denying qualified immunity in a § 1983 action where the violation took place in 1988).

Oona has alleged that defendants here, who were all in supervisory positions to Ibach, knew or had reason to know that Ibach sexually harassed, fondled, and inappropriately touched Oona. Ibach's alleged conduct of sexually harassing a student constitutes sex discrimination, in violation of Oona's federal rights under Title IX. *See Franklin*, 503 U.S. at 76. Thus, after *Franklin*, a school official in a supervisory position cannot claim immunity for the failure to respond to complaints of harassment

and discrimination. Other circuits have reached this conclusion as well. *See Claiborne,* 103 F.3d at 515 (holding that elements to state a supervisory hostile environment claim under Title VII equally apply under Title IX); *Rosa H. v. San Elizario Indep. School Dist.,* 106 F.3d 648, 660 (5th Cir.1997) (finding Title IX liability for supervisory school officials with actual knowledge of sexual abuse or harassment). The allegations that defendants knew of Ibach's behavior and failed to prevent it are sufficient to show violations of clearly established Title IX rights during the 1992–93 year.

We stress that the issue before us is narrow. We do not consider what steps school officials may reasonably be required to take to prevent harassment by fellow students, and hence do not consider the extent to which such action may differ from the action reasonably expected of employers to prevent harassment by fellow employees. We hold only that the duty to take reasonable steps is clearly established.

For the foregoing reasons, we AFFIRM the District Court's order denying qualified immunity to the defendants.